Dear District Attorney Taylor:
You have requested an opinion from this office as to whether former employees now retirees of the St. Landry Parish School Board ("School Board") who have been elected to the School Board may be considered employees of the School Board. You have also asked whether such retiree/Board Members who are eligible for Medicare based on age, are entitled to have Medicare as their primary payer for health insurance and the School Board's group health plan ("GHP")[1] as their secondary payer.
You provide in your letter that several School Board members are former employees now retirees of the School Board. Prior to being elected to the School Board, they were participating in the School Board's GHP as retirees and had Medicare as their primary insurance payer and the School Board's GHP as secondary. However, upon being elected to the School Board, the School Board's GHP became their primary payer and changed their premium classification for health insurance from "retiree" to "re-employed retiree", which resulted in higher premiums for their health insurance. You ask whether these retiree/School Board members can be forced to have the School Board's GHP as their primary health insurance payer simply because they were elected to the School Board. As will be discussed further, it is the opinion of this office that once these retirees are elected to the School Board, the School Board's GHP must be the primary payer for their health insurance benefits and Medicare is secondary.
We will first address your question as to whether school board members may be considered employees of the school board. As you correctly provide in your letter, Louisiana law prohibits supervisors, principals, teachers and other school employees from serving on their employing school board, [2] making it clear that school board members are not, and may not be considered, employees of their employing school board. We note, however, that neither the Region VI Center for Medicare and Medicaid Services ("CMS") nor the School Board's GHP is asserting that these retiree/School Board members are employees of the School Board. The CMS determination that Medicare is secondary in these circumstances is not based on the premise that these School *Page 2 
Board members are employees of the School Board. In fact, both the CMS and the School Board's GHP have agreed that these retiree/School Board members are not employees of the School Board.
CMS based its determination regarding Medicare's payer status on the "current employment status" of these retiree/School Board members, as that term is defined in the Medicare Secondary Payer ("MSP") provisions found at 42 U.S.C. § 1395y(b). Based on that determination, the School Board's GHP reclassified these retiree/School Board members for purposes of premium calculation by moving them from its "retiree" category to its "re-employed retiree" category. According to the School Board's GHP, these categories are for the purpose of internal premium classification, and placing an individual in its "re-employed retiree" category is not the same as making a determination that the individual is employed or re-employed by his former employer. Neither CMS nor OGB is asserting that these retiree/School Board members are employees of the School Board.
Turning to your question regarding Medicare as the secondary payer, we refer you to Louisiana and Federal laws pertaining to health insurance applicable to these individuals. As retirees, these former School Board employees were entitled to participate in the School Board's GHP. The GHP is offered by the School Board pursuant to the authority granted to school boards in La.R.S. 17:1223 to provide GHP coverage for their employees, superintendents and school board members. Section 1223 provides in pertinent part:
 A. (1) The parish or city school board . . . may make contracts for group medical, surgical, and hospital benefits and services . . . providing for medical, surgical, and hospital service and benefits for its employees or any class or classes thereof, including superintendents of schools and members of the school board . . .] [Emphasis added.]
These retired employees who were eligible for Medicare based on age, were participating in the School Board's GHP as retirees, with Medicare as their primary payer and the School Board's GHP as secondary. However, when they were elected to the School Board, their relationship with the School Board was changed. In addition to being retired former employees of the School Board, they were also active members of the School Board. And based on their membership on the School Board, they became eligible to participate in the GHP offered by the School Board as "Board members" pursuant to La.R.S. 17:1223.
As a result of the School Board's statutory authority to offer GHP coverage to its members, and the coverage offered to these School Board members, CMS determined that these School Board members are associated with the School Board in a businessrelationship. Individuals who are associated with the School Board in a business relationship have "current employment status" with the School Board, as that term is defined in 42 U.S.C. § 1395y (b)(1)(E)(ii), which provides:
 An individual has "current employment status" with an employer if the individual is an employee, is the employer, or is associated with the employer in a business relationship.[3] [Emphasis added.]
The MSP provisions require that GHPs be primary to Medicare for individuals who are entitled to Medicare on the basis of age, but who have GHP coverage based on their own, or their spouse's *Page 3 
"current employment status". A GHP may not take into account an individual's entitlement to Medicare, if the individual has "current employment status" with an employer.[4] Because these retiree/School Board members have "current employment status" with the School Board, its GHP may not take into account their Medicare entitlement. This means the School Board's GHP is their primary insurance payer and Medicare is secondary.
In summary, these former employees, now retirees, of the School Board who were participating in the School Board's GHP as retirees and eligible for Medicare based on age, had Medicare as their primary payer and the School Board's GHP as secondary However, when they were elected to the School Board, they became associated with the School Board in a business relationship, thereby obtaining "current employment status" with the School Board. Pursuant to the MSP provisions, a GHP may not take into account the Medicare entitlement of an individual with "current employment status". Therefore, it is the opinion of this office that the School Board's GHP must be the primary payer for these former employees now retirees of the School Board who have been elected to the School Board and Medicare their secondary payer.
We note in closing, that these School Board members may decline the GHP coverage offered by the School Board, but if they do, the School Board may not offer coverage that is secondary to Medicare.[5]
We trust this adequately addresses your concerns. If you have additional questions, please feel free to contact our office.
Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General __________________________
 DENISE M. BROU Assistant Attorney General
JDC:DMB:lbw
[1] The School Board's group health plan is administered through the Louisiana Office of Group Benefits.
[2] La.R.S. 17:428.
[3] See also 42 C.F.R. § 411.104(a)(1).
[4] 42 U.S.C. § 1395y(b)(1)(A); 42 C.F.R. § 411.108
[5] 42 C.F.R. § 411.172(c)(2)